IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terrance Terrell Hagood, | ) | Case No. 6:24-cv-04190-DCC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Shawn L. Pritchett and William H. Ray, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's allegations that his civil rights have been violated. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant[1] for pre-trial proceedings and a Report and Recommendation ("Report"). On July 31, 2024, the Magistrate Judge issued a Report recommending that Defendant William H. Ray Janson be dismissed from this action.[2] ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[3]

---

[1] This matter has since been reassigned to United State Magistrate Judge William S. Brown.

[2] Service of process was authorized as to Defendant Shawn L. Pritchett by separate order.

[3] On August 8, 2024, the Court received correspondence from Plaintiff that consisted of a copy of the NEF generated when the Report was filed. ECF No. 14. There

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Defendant William H. Ray is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 31, 2024
Spartanburg, South Carolina

---

was no other information in the correspondence. Accordingly, the undersigned has not considered this document as objections.

2